IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DESHON JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-16-2652 |
| UNITED STATES OF AMERICA, | * | Criminal Action No. RDB-09-0272 |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The *pro se* Petitioner Deshon Johnson ("Petitioner" or "Johnson") pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d)[1]. J., p. 1, ECF No. 64. Subsequently, Judge Quarles[2] of this Court sentenced Johnson to 180 months imprisonment. *Id.* at 2. Currently pending before this Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 109)[3] and the Government's Motion to Dismiss Petitioner's Motion to Vacate (ECF No. 111). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner's Motion to Vacate (ECF No. 109) is DENIED, and the Government's Motion to Dismiss Petitioner's Motion to Vacate (ECF No. 111) is GRANTED.

---

[1] Petitioner was charged with seven counts, including armed bank robbery (Count IV). However, the remaining counts (Counts I, V, VI, VII, VIII, and IX) were dismissed in consideration of his plea agreement.
[2] This case was reassigned to the undersigned Judge Richard D. Bennett on June 20, 2016.
[3] Petitioner's Motion was initially filed as a Motion for Authorization to File a Second or Successive Section 2255 Motion, pursuant to 28 U.S.C. §§ 2244 and 2255(h). *See* U.S.C.A. Order, p. 1, ECF No. 108. However, the United States Court of Appeals for the Fourth Circuit transferred Petitioner's Motion to this Court because he had not yet filed an initial Section 2255 Motion. *Id.* at 1-2. Accordingly, Petitioner's pending Motion will be treated as a Motion to Vacate, pursuant to 28 U.S.C. § 2255.

## BACKGROUND

The *pro se* Petitioner Eric Deshon Johnson ("Petitioner" or "Johnson") was charged with seven counts, including armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count IV). Indictment, ECF No. 1. Johnson pled guilty to armed bank robbery (Count IV), pursuant to a plea agreement (ECF No. 42), and the Government dismissed the remaining counts against him (Counts I, V, VI, VII, VIII, and IX). *See* J., p. 1, ECF No. 64. Subsequently, Judge Quarles[4] of this Court sentenced Johnson to 180 months imprisonment as to Count IV. *Id.* at 2. Johnson did not appeal his conviction or sentence.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A prisoner sentenced by this Court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A one-year statute of limitation applies to Section 2255 motions to vacate. The limitation period runs from the latest of . . . "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(3).

---

[4] This case was reassigned to the undersigned Judge Richard D. Bennett on June 20, 2016.

## ANALYSIS

Petitioner contends that "Bank Robbery and Hobbs Act is no[ ] longer a crime of violence" under the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. to Vacate, p. 3-4, ECF No. 109. Accordingly, he requests that this Court vacate "[a]ll enhancements under criminal history (guidelines)." *Id.*

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the "residual clause" of the ACCA was unconstitutional because it failed to provide sufficient notice of the types of convictions covered under the ACCA. The Supreme Court issued its opinion in *Johnson* on June 26, 2015. Therefore, the deadline to file a Section 2255 motion for relief under *Johnson* was June 26, 2016. However, Petitioner's Motion was not filed in this Court until July 21, 2016, significantly after the one-year statute of limitations had run. Therefore, Petitioner's motion is untimely.

Even if Petitioner's Motion was timely, he is still ineligible for relief in light of the *Johnson* decision. Although Petitioner alludes to the career offender guidelines in his Motion to Vacate, he was not sentenced as a career offender. Petitioner's offense level was 27, with a criminal history category of V. Statement of Reasons, ECF No. 65 (Sealed). The Presentence Report does not indicate that any sentencing enhancements were applied to Petitioner's offense level based on criminal history, and the Guideline Provisions paragraph

does not mention the career offender guidelines or the Armed Career Criminal Act. *See* Presentence Report, p. 4-5, 10. Accordingly, the *Johnson* decision is inapplicable to Petitioner's case, and his Motion must fail.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 109) is DENIED, and the Government's Motion to Dismiss Petitioner's Motion to Vacate (ECF No. 111) is GRANTED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:      September 29, 2016

                                                                            /s/
                                                       Richard D. Bennett
                                                       United States District Judge